Hillsborough,
Dec. 5, 1939. } No. 3086.

## MERCHANTS MUTUAL CASUALTY COMPANY

*v.*

## LOUIS GOODALL, & a.

*Devine & Tobin* (*Mr. Tobin* orally), for the plaintiff.

*O'Connor & O'Connor, Paul J. Doyle* (*Mr. Denis F. O'Connor* orally), for the defendants.

BRANCH, J.  The position of the plaintiff is stated in its brief as follows: "It should be noted that the insuring clause of this particular policy refers only to the assured named in the warranties, *i.e.*, Metitia and Agnew.  Nowhere in the policy is found any extension of coverage to persons operating with the express or implied consent of the named assured.  Failure to insert the so-called 'omnibus clause' obviously restricts coverage to the two persons designated in the declarations.  Operation by anyone else is uninsured."

It is plain that this argument is based entirely upon the language of the insuring clause above quoted and ignores entirely the effect of the indorsement which materially altered the original terms of the policy.

It can hardly be doubted that the word "insured" in the first sentence of the indorsement above quoted is a typographical error and that for "insured" we should read "insurer." Thus construed, this sentence constitutes an unqualified agreement that the terms of the act relating to motor vehicle insurance shall be included in the policy. Section 1 of this statute provides that a motor vehicle liability policy shall provide "indemnity for or protection to the insured and any person responsible for the operation of the insured's motor vehicle or trailer with his express or implied consent." It, therefore, follows that unless the effect of this agreement is limited by the succeeding provisions of the indorsement, it must be held that "any person responsible for the operation of the insured's motor vehicle or trailer with his express or implied consent," is within the coverage of the policy as modified by the indorsement.

Such is the result contemplated by the section of the statute which authorizes the attachment of such indorsements to existing policies. "Any company authorized to issue Motor Vehicle liability policies, as defined in Section 1, may, . . . in lieu of such a policy, issue an indorsement to an existing policy; . . . which shall provide indemnity or protection in like manner and to the same extent as such a policy." Laws 1927, c. 54, s. 6, p. IV.

It seems to be contended by the plaintiff, however, that the other sentence from the indorsement above quoted, which purports to define the term "assured," had the effect of limiting the protection of the policy to the named assured, upon the theory that the only persons "entitled to protection under the Agreements, Conditions and Declarations of this policy" are those mentioned in the first condition set forth above, namely, Metitia and Agnew.

If it was, in fact, the intention of the plaintiff in preparing this indorsement to limit the effect of its apparently unqualified acceptance of the provisions of the statute, contained in the first sentence of the indorsement, by defining the term "assured" in the somewhat mysterious language above quoted, the good faith of the plaintiff would be open to serious question and any inconsistency between these two sentences might properly be resolved against it by giving full effect to the unqualified language of the first sentence.

We do not think, however, that there is any inconsistency between these two provisions of the indorsement. The indorsement itself constitutes one of the "agreements" of the policy. It clearly includes the provisions of the statute as terms of the policy. As above stated, the terms of the statute thus made a part of the policy, provide for

protection to persons operating the insured's motor vehicle with his "express or implied consent". Therefore, in the language of the indorsement, such persons are "entitled to protection under" one of "the Agreements . . . of this policy." In short, the effect of the indorsement was to write into the policy the very "omnibus clause", which is said by plaintiff's counsel to have no existence.

If, therefore, the defendant, Louis Goodall, was, at the time of the accident, operating a motor vehicle of the assureds with their express or implied consent, it must be held that he is covered by the terms of the policy, and it is so adjudged.

The case appears to have been argued by both parties upon the assumption that this was so, and the finding of the court that Louis Goodall was "an employee of Metitia and Agnew" tends to confirm this view. If there were any doubt as to the circumstances under which Louis Goodall was driving the defendant's car at the time of the accident, the evidence offered by the defendants "that when the accident occurred, Louis Goodall was driving the car upon a mission for Metitia and Agnew, owners of the car" should have been admitted for the purpose of showing their consent to such use.

*Case discharged.*

All concurred.